## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AMY FOX

        Plaintiff,                Case No. 1:24-cv-00614

v.                                Hon. Robert J. Jonker

NEXSTAR MEDIA INC., a Delaware      Magistrate Judge Ray Kent
corporation
                Defendant.        **Oral Argument Requested**

| | |
|---|---|
| Nancy Temple | Richard W. Warren (P63123) |
| KATTEN TEMPLE, LLP | OGLETREE DEAKINS, PLLC |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 209 S. LaSalle Street, Suite 950 | 34977 Woodward Avenue, Suite 300 |
| Chicago, IL  60604 | Birmingham, MI 48009 |
| TEL:  (312) 663-0800 | TEL: (248) 631-3679 |
| ntemple@kattentemple.com | FAX: (248) 593-2603 |
| | richard.warren@ogletree.com |

### DEFENDANT NEXSTAR MEDIA INC.'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR DEFAMATION AND FALSE LIGHT

NOW COMES Defendant, Nexstar Media Inc., through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, PLLC, who hereby moves to dismiss Plaintiff's claims for defamation and false light, pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of its Motion, Nexstar Media Inc. relies upon the facts, law, and legal arguments set forth in the attached brief and exhibits.

On July 16, 2024 counsel for the Defendant corresponded in writing with counsel for Plaintiff to attempt to obtain concurrence in the relief sought in this Motion, but such concurrence was not granted.  Accordingly, Defendant respectfully requests that this Court grant its Motion

and enter a judgment in its favor, dismissing Plaintiff's claims for defamation and false light in their entirety and with prejudice.

Respectfully submitted,

/s/ Richard W. Warren
Richard W. Warren (P63123)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
TEL: (248) 631-3679
FAX: (248) 593-2603
richard.warren@ogletree.com

Dated: July 17, 2024

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AMY FOX

          Plaintiff,                   Case No. 1:24-cv-00614

v.                                  Hon. Robert J. Jonker

NEXSTAR MEDIA INC., a Delaware      Magistrate Judge Ray Kent
corporation
          Defendant.             **Oral Argument Requested**

---

| | |
|---|---|
| Nancy Temple | Richard W. Warren (P63123) |
| KATTEN TEMPLE, LLP | OGLETREE DEAKINS, PLLC |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
| 209 S. LaSalle Street, Suite 950 | 34977 Woodward Avenue, Suite 300 |
| Chicago, IL  60604 | Birmingham, MI 48009 |
| TEL:  (312) 663-0800 | TEL: (248) 631-3679 |
| ntemple@kattentemple.com | FAX: (248) 593-2603 |
| | richard.warren@ogletree.com |

---

**BRIEF IN SUPPORT OF**
**DEFENDANT NEXSTAR MEDIA INC.'S MOTION TO**
**DISMISS PLAINTIFF'S CLAIMS FOR DEFAMATION AND FALSE LIGHT**

# <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................................ ii

I. INTRODUCTION ............................................................................................ 1

II. RELEVANT COMPLAINT ALLEGATIONS ................................................. 3

    A. Plaintiff's position at WOOD-TV, and the Internal Memorandum .......................... 3

    B. Plaintiff distributes the Internal Memorandum to staff and a station revolt
       follows ................................................................................................ 4

    C. Plaintiff alleges that the Internal Memorandum was leaked, causing third
       parties to make defamatory statements about her ...................................... 4

    D. Plaintiff's allegations regarding her colleagues' social media statements ............... 5

    E. Plaintiff's allegations regarding Nexstar's public statements ................................ 5

III. ARGUMENTS AND AUTHORITIES ............................................................ 5

    A. Standards for dismissal under Rule 12(b)(6) ...................................................... 5

    B. Plaintiff's Complaint fails to state a plausible claim for defamation upon which
       relief can be granted. .......................................................................... 6

       1. Plaintiff has failed to plead her claim with specificity ............................ 6

       2. Plaintiff fails to allege that Nexstar's alleged statements were false, and
          were not simply opinions. ......................................................... 10

       3. Plaintiff fails to allege that Nexstar had the requisite intent to support a
          defamation claim. ................................................................... 11

    C. Plaintiff's Complaint fails to state a plausible claim for false light
       upon which relief can be granted. .......................................................... 11

IV. CONCLUSION ............................................................................................. 13

**TABLE OF AUTHORITIES**

**Cases**                                                                                          **Page(s)**

*Adamo Demolition Co. v. Int'l Union of Operating Engineers Local 150*,
    439 F.Supp.3d (E.D. Mich. 2020)........................................................................7, 8

*Ahmed v. Hamtramck Public Schools*,
    2022 WL 5249436 (E.D. Mich. Oct. 6, 2022) ............................................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................6

*Curtis v. Evening News Ass'n*,
    135 Mich. App. 101 (1984)........................................................................................8

*Duran v. Detroit News, Inc.*,
    200 Mich. App. 622 (1993)......................................................................................13

*Foundation for Behavioral Resources v. W.E. Upjohn Unemployment Trustee Corp.*,
    332 Mich. App. 406 (2020)......................................................................................12

*Ghanam v. Does*,
    303 Mich. App. 522 (2014)........................................................................................6

*Hamzine v. Fox TV Stations, Inc.*,
    2013 WL 4483485 (E.D. Mich. August 19, 2013)(unpublished) .........................8, 9

*Ireland v. Edwards*,
    230 Mich. App. 607 (1998)...................................................................................3, 11

*Ledl v. Quik Pik Food Stores, Inc.*,
    133 Mich. App. 583 (1984)...................................................................................7, 10

*Milkovich v. Lorain Journal Col.*,
    497 U.S. 1 (1990)................................................................................................3, 11

*Mitan v. Campbell*,
    474 Mich. 21 (2005) ...........................................................................................3, 10

*Pullman Indus., Inc. v. Mfrs. Enameling Corp.*,
    15 Fed. Appx. 297 (6th Cir. 2001)........................................................................2, 9

*Rondigo, LLC v. Twp. Of Richmond*,
    2012 WL 1021726 (E.D. Mich. Mar. 27, 2012) ......................................................11

*Ruedger v. Bruyneel*,
    No. 243832, 2004 LEXIS at *5-6 (Mich. App. Feb. 19, 2004) ...............................................11

*Siddiqui v. General Motors Corp.*,
    2012 WL 335680 (Mich. Ct. App. Feb. 2, 2012).....................................................................12

*Smith v. Anon. Joint Enterprise*,
    487 Mich. 102 (2010) ...........................................................................................................11

*WHIC-USA, Inc. v. Carlisle*,
    2005 WL 1959503 (Mich. App. Aug. 16, 2005) .....................................................................7

**Statutes**

Bullard-Plawecki Employee Right to Know Act .............................................................................1

**Other Authorities**

FRCP 12(b)(6) ...........................................................................................................................3, 6

## I.   __INTRODUCTION__

Nexstar Media Inc. ("Nexstar" or "Defendant") terminated the employment of Plaintiff Amy Fox, its former Assistant News Director, after she engaged in misconduct that caused the newsroom to lose confidence in her, and for violating the standards of journalism by letting her personal views impact news coverage.[1]  Fox, along with a coworker, authored an ill-conceived Internal Memorandum to WOOD-TV's reporters that was interpreted as prohibiting further coverage of any Pride month events.  Reporters in the newsroom revolted against Fox and the Internal Memorandum's co-author (Stanton Tang, former WOOD-TV News Director).  One or more of the Station's staff members leaked the Internal Memorandum to a competing news station, and a public outcry against the memorandum resulted.  It is notable that neither Fox nor Tang allowed Station Management to review the Memorandum before sending it to the Station's reporting staff.

Seeking to shift the blame for her actions and misconduct, Plaintiff filed this lawsuit against Nexstar, alleging three claims: defamation (Count I), false light (Count II) and violation of the Bullard-Plawecki Employee Right to Know Act (Count III).

Plaintiff's defamation and false light claims, however, are deficient as a matter of law and require dismissal.  Plaintiff alleges the following as the basis of those claims:

- Nexstar publicly stated that "diversity, equity and inclusion are among Nexstar's core values.  Our local TV stations are expected to cover and report the news of the day in an expansive and inclusive fashion, consistent with these values.  We're looking into the situation at WOOD-TV, as the communication regarding the station's coverage of PRIDE month activities in the area is not consistent with Nexstar's values, the way we cover the news, or the respect we have for our viewers.  We will take appropriate action as necessary to address this situation, and apologize for offending members of the LGBTQ community and WOOD-TV's viewers."

---

[1] Nexstar Media Inc. owns and operates WOOD-TV, the Grand Rapids, Michigan television station where Fox worked prior to her termination ("WOOD-TV" or the "Station").

- Nexstar's June 16, 2023 internal statement to its staff that "the note does not reflect our values, the way we cover the news, or the respect we have for our viewers.  WOOD-TV is and always will be committed to diversity, equity and inclusion and to covering and reporting the news of the day in an expansive and inclusive fashion, consistent with these values.  And in case it wasn't clear from the news staff meeting and follow up note Tuesday, and Wednesday morning meetings, we are NOT changing our coverage of events connected to PRIDE month."

- Nexstar's June 16, 2023 internal statement to its staff that "I know the note offended many of you, and I am sorry for that.  As you may know by now, members of our senior HR team are investigating what happened here.  This is an internal employee relations issue, and we have a process for handling these types of situations.  I am sure that we will work through this issue like the professional colleagues that we are and I am grateful for your cooperation and support as the process moves forward."

- Nexstar advised the media that it would "take appropriate action as necessary to address this situation, and we apologize for offending members of the LBGTQ community and WOOD-TV's viewers."

*See* Complaint at ¶¶ 19, 28, 29.  Perhaps recognizing that none of these statements constitute defamation as a matter of law, Plaintiff's Complaint also goes into great detail about statements made by third parties separate and apart from Nexstar, including but not limited to media outlets referring to Plaintiff's Memorandum as "anti-gay," "47 articles or internet posts concerning the internal memo" making allegedly disparaging and harshly negative comments.  Plaintiff also accuses Nexstar of "failing to disavow" these stories.  *See* Complaint at ¶¶ 16, 17, 20.[2]

Plaintiff's defamation and false light claims fail to state a claim for several independent and controlling reasons.  First, none of the statements Plaintiff attributes to Nexstar mention Plaintiff by name, nor do they refer to Plaintiff as "anti-gay" or attribute any negative characteristics to her. *See Pullman Indus., Inc. v. Mfrs. Enameling Corp.*, 15 Fed. Appx. 297, 303 (6th Cir. 2001)(affirming the district court's grant of summary judgment in favor of defendant on

---

[2] Plaintiff does not cite any controlling precedent supporting the existence of legal duty for an employer to "disavow" negative statements made by third parties about its employees.  Nor could Defendant locate any such precedent.  Michigan state and federal courts, however, have never imposed such a duty within the confines of a defamation or false light claim.

plaintiff's defamation claim because the lack of any direct or indirect defamatory reference to plaintiff in the challenged publication defeats the defamation claim as a matter of law).  Instead, all such statements as quoted in the Complaint discuss Station values, and reinforce the importance of inclusivity and diversity.   Second, Plaintiff fails to allege facts showing that Nexstar's statements were false.  *See Mitan v. Campbell*, 474 Mich. 21, 24; 706 NW2d 420 (2005)(holding that to be actionable, a statement must be false and defamatory).  Instead, the statements attributed to Nexstar constitute opinions about the way the Station chooses to shape its news coverage, not objectively verifiable facts.  *See Ireland v. Edwards*, 230 Mich. App. 607; 548 NW2d 632 (Mich App 1998)(holding that if a statement cannot be reasonably interpreted as stating actual facts about the plaintiff, it is not actionable because some expressions of opinion are permitted); *Milkovich v. Lorain Journal Col.*, 497 U.S. 1, at 17-21 (1990).  In addition to the reasons set forth above, Plaintiff's False Light claim fails because she failed to allege malice, which is an essential element of that claim.  Given the foregoing, Plaintiff's defamation and false light claims require dismissal under FRCP 12(b)(6).

## II.   **RELEVANT COMPLAINT ALLEGATIONS**

### A.   **Plaintiff's position at WOOD-TV, and the Internal Memorandum**

Plaintiff alleges that she was hired by Nexstar in April 2022 as its Assistant News Director for WOOD-TV, an NBC affiliate in Grand Rapids, MI, and that she reported to Stanton Tang, the station's News Director.  *See* Complaint at ¶¶ 5-6.  She claims that on June 13, 2023, Tang directed her to draft an Internal Memorandum to WOOD-TV's reporters, allegedly to remind them of WOOD-TV's "policies requiring news-worthy reporting and balanced coverage in reporting on Pride-related events in the area." *Id*. at ¶ 9.  The Internal Memorandum admonished the news staff to "be thoughtful about what Pride events and stories we cover" and "discern the newsworthy-ness

of" a Pride event before covering it."   *Id.* at ¶ 10.   Finally, the Internal Memorandum directed reporters to consider ways to make Pride-related stories "balanced."  *Id.*

**B.      Plaintiff distributes the Internal Memorandum to staff and a station revolt follows**

Plaintiff claims that after she presented the Internal Memorandum to Tang for a review, she distributed it to Station staff.  *Id.* at ¶ 11.  A staff revolt followed, with some WOOD-TV employees characterizing the Internal Memorandum as anti-gay. *Id.* at ¶ 12.  Although Plaintiff claims that some station employees asserted that the Internal Memorandum amounted to discrimination, she alleges that Station Manager Julie Brinks told her that Brinks did not believe the Memorandum amounted to discrimination against anyone.  *Id.* at ¶ 13.[3]

**C.      Plaintiff alleges that the Internal Memorandum was leaked, causing third parties to make defamatory statements about her**

Plaintiff's Complaint does not accuse Nexstar of intentionally leaking the Internal Memorandum to third parties with the intent of causing damage to her reputation.  Instead, Plaintiff attributes that to an unknown person or persons.  *See* Complaint at ¶¶ 14.  Plaintiff alleges that this anonymous leak led to third party media outlets "falsely and misleadingly reporting that Fox had ordered reporters not to cover Pride-related events."  *Id.* at ¶ 14.  According to Plaintiff, these third party media sources created "a vast number of harshly negative and disparaging news stories totaling at least 47 articles or internet posts concerning the Internal memo…and mislabeling Plaintiff as 'anti-gay.'"  *Id.* at ¶ 16.  Plaintiff alleges that Blaze Media, the Detroit Free Press, Fox News and the Daily Mail – none of which are owned or operated by Nexstar – also referred to her as anti-gay. *Id.* at ¶ 30.

---

[3] It is notable that Plaintiff does not allege that Nexstar itself characterized either her or the Internal Memorandum as "anti-gay."  Further, Plaintiff's claim that Brinks told her that Brinks did not view the Internal Memorandum as discriminatory directly undermines Plaintiff's defamation claim.

Plaintiff does not claim that WOOD-TV published news stories describing her as anti-gay, accusing her of engaging in discriminating against gay individuals, or otherwise attributing unsavory characteristics to her.  Instead, Plaintiff's Complaint cites a June 15 publication from "The Desk," which she describes as a media outlet for the media profession, entitled "Michigan TV newsroom revolts over anti-gay memo." *Id.* at ¶ 16.  It is clear from Plaintiff's Complaint that all of the reputational damage she claims to have suffered arises from third-party statements that both specifically name her and describe her as anti-gay, <u>not</u> from statements made by Nexstar.

### D.    Plaintiff's allegations regarding her colleagues' social media statements

Plaintiff alleges at pages 8-12 of her Complaint that several of her coworkers criticized the Internal Memorandum on social media, and noted that the Internal Memorandum was offensive. None of the social media posts included in the Complaint specifically reference Plaintiff, nor do they state that Plaintiff is anti-gay or otherwise attribute such behavior to her.  *Id.* at ¶¶ 22, 25.

### E.    Plaintiff's allegations regarding Nexstar's public statements

At Paragraphs 19 and 28, Plaintiff claims that Nexstar's Station Management made the following statements: (a) that Nexstar values diversity, equity and inclusion; (b) that a communication regarding the station's coverage of PRIDE month activities is not consistent with Nexstar's values; (c) that Nexstar is looking into the situation; and (d) an internal station communication that an investigation was occurring and that appropriate action would be taken. *See* Complaint at ¶¶ 19, 28, 29.

## III.    <u>ARGUMENTS AND AUTHORITIES</u>

### A.    Standards for dismissal under Rule 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Bare recitals

of a cause of action, supported by mere conclusory statements, are insufficient to satisfy the federal pleading requirements.  *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.  Here, accepting as true all of the well-pleaded factual allegations of the Complaint, and viewing them in the light most favorable to Plaintiff, Plaintiff's Complaint fails to state a claim upon which relief can be granted for defamation and false light, and those claims should be dismissed.

**B.    Plaintiff's Complaint fails to state a plausible claim for defamation upon which relief can be granted.**

To state a claim for defamation, Plaintiff must plead facts showing: (1) an unprivileged false and defamatory statement; (2) communicated to a third-party; (3) with fault of at least recklessness; and (4) special harm caused.  *Ghanam v. Does*, 303 Mich. App. 522, 544 (2014). Plaintiff has failed to sufficiently plead these elements, and thus dismissal of her claims is appropriate.

### 1.   Plaintiff has failed to plead her claim with specificity.

Plaintiff's allegations regarding the statements upon which she relies for her defamation claim utterly lack the requisite level of specificity.  Courts have instructed that to state a claim for defamation:

> [t]he essentials of a cause of action for libel or slander must be stated in the complaint, including allegations as to the particular defamatory words complained of, the connection of the defamatory words with the plaintiff where such words are not clear or are ambiguous, and the publication of the alleged defamatory words.

*Ledl v. Quik Pik Food Stores, Inc.*, 133 Mich. App. 583, 589 (1984) (internal quotations omitted)(emphasis added); *WHIC-USA, Inc. v. Carlisle*, 2005 WL 1959503, *2 (Mich. App. Aug. 16, 2005) (*citing Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.*, 197 Mich. App. 48 (1992) ("[a] party alleging defamation must specify which statements are false and defamatory").

Here, Plaintiff's defamation claim is premised on four types of statements alleged to have been made by Nexstar: (a) that Nexstar values diversity, equity and inclusion; (b) that a

6

communication regarding the station's coverage of PRIDE month activities is not consistent with Nexstar's values; (c) that Nexstar is looking into the situation; and (d) an internal station communication stating that an investigation was occurring and that appropriate action would be taken. *See* Complaint at ¶¶ 19, 28, 29.

None of these statements, however, even mention Plaintiff, either by name or by reference. Nor do they convey any negative characteristics about her. They do not accuse her of committing a crime, an act of dishonesty, immoral conduct or discrimination against her coworkers. None of these statements accuse Plaintiff of being anti-gay, or of engaging in discrimination. A casual reader or member of the public reading these statements would see neither a reference to Plaintiff, nor anything attributing poor or unsavory qualities about her. Instead, they would see statements only referencing WOOD-TV's commitment to diversity, indication that PRIDE month coverage would not be changing, and suggestion that the Station was reviewing what occurred internally. These allegations are insufficient as a matter of law to state a valid defamation claim.

In *Adamo Demolition Co. v. Int'l Union of Operating Engineers Local 150*, 439 F.Supp.3d (E.D. Mich. 2020), Plaintiff subcontracted with Ford Motor Company, and sought to engage the services of qualified union laborers from Local 150 for purposes of carrying out that subcontract. Plaintiff claimed, however, that Local 150 provided it with substandard laborers and made defamatory statements about it, causing Adamo to experience damages. *Adamo Demolition Co.*, 439 F.Supp. 3d at 939-941. Specifically, Adamo claimed that Local 150 made false and defamatory statements about it to the union laborers, telling them to "get off machinery" and "immediately stop working." *Id.* at 945-46. Local 150 responded by filing a motion to dismiss, among other things, Plaintiff's defamation claim. The Court granted that Motion, holding that the

statements were not actionable because they did not specifically reference or concern Adamo, and did not contain a "provably false factual connotation." *Id.*

Similarly, in *Curtis v. Evening News Ass'n*, 135 Mich. App. 101; 352 NW2d 355 (1984), Plaintiff sued a newspaper, claiming that it engaged in defamation when it published a news story containing details about Plaintiff's deceased son, suggesting that the son's criminal activities led to his shooting death. *Curtis,* 135 Mich. App. at 102-03.  Plaintiff contended that she suffered damage to her reputation resulting from the false statements concerning her son.  The Michigan Court of Appeals held that Plaintiff's defamation claim required dismissal because, as here, the statements at issue contained no reference to Plaintiff. *Id.* at 103-104.  In so holding, the Michigan Court of Appeals held that a prima facie defamation claim requires the plaintiff to prove the existence of a false and defamatory statement concerning the plaintiff. *Id.* at 103.

The Eastern District of Michigan reached the same result in *Hamzine v. Fox TV Stations, Inc.*, 2013 WL 4483485 (E.D. Mich. August 19, 2013)(unpublished), wherein three individual plaintiffs alleged that the defendant defamed them by publishing a news story called "Dirty Little Mattress Secret Uncovered" about refurbished mattresses sold and billed as "new." *Id.* at 2-3.  The news story went into great detail about allegations that the mattress company bought dirty mattresses, re-covered them and sold them as new. The defendant brought a 12(b)(6) Motion to Dismiss the defamation claims, contending that plaintiffs failed to allege a defamatory statement concerning them.  The District Court granted the Motion to Dismiss, holding that the alleged defamatory statements concerned Timeless Mattress, LLC, the company that sold the mattresses, and did not refer to the three individual plaintiffs at all. *See Id.* at 7.  Accordingly, Plaintiffs could not establish a prima facie element of their claim – that defendant published a defamatory claim *concerning plaintiff* – and that claim required dismissal. *Id, citing Siddiqui v. General Motors*

*Corp.*, 2012 WL 335680, *6 (Mich. Ct. App. Feb. 2, 2012)(holding that "one of the basic requirements of a defamatory statement is that it must have a specific reference to the plaintiff" and dismissal was required where the alleged statements did not have a specific application to the corporate plaintiff).

The very same result is required here, where Plaintiff erroneously alleges that Nexstar defamed her through statements regarding Nexstar's commitment to diversity, its journalistic principles, its general statement regarding an internal investigation and its apology to members of the LBGTQ community.  Crucially, none of the alleged defamatory statements from Nexstar upon which Plaintiff relies mention her, connect her to the Internal Memorandum or attribute any ill characteristics to her.  Under controlling and persuasive authority, Plaintiff's defamation claim must be dismissed.  *See Pullman Industries, Inc. v. Manufacturers Enameling Corp.*, 15 Fed. Appx. 297 (6th Cir. 2001)(affirming dismissal of defamation claim based on attorney's cease and desist letter sent from defendant to plaintiff because the alleged defamatory statement simply stated that Pullman transferred its coating business from Manufacturers Enameling Corp to another company, and did not accuse Pullman of misappropriation of technology); *Ahmed v. Hamtramck Public Schools*, 2022 WL 5249436 (E.D. Mich. Oct. 6, 2022)(holding that dismissal of defamation claims was appropriate because plaintiffs failed to allege the specific defamatory statements and did not connect them to specific persons).[4]

---

[4] Although Plaintiff attempts to ground her defamation claim in Nexstar's alleged "failure to reject false accusations in the media that were originally made by WOOD-TV employees" and third party media outlets, no Michigan or Sixth Circuit Court has interpreted a valid defamation claim to exist where a defendant fails to publicly reject negative statements made by third parties.

**2. Plaintiff fails to allege that Nexstar's alleged statements were false, and were not simply opinions.**

Although Plaintiff takes great pains to articulate the statements made by Nexstar that she believes are defamatory, she fails to plead any facts showing that the alleged statements are false. This is fatal to her claims. *See Mitan v. Campbell*, 474 Mich. 21, 24; 706 NW2d 420 (2005)(holding that to be actionable, a statement must be false and defamatory).

In her Complaint, Plaintiff alleges no facts tending to show that Nexstar did <u>not</u>: (a) value diversity, equity and inclusion; (b) expect its local TV stations to cover and report the news of the day in an expansive and inclusive fashion; (c) look into the Internal Memorandum; (d) apologize if it offended members of the LBGTQ community; (e) advise its staff that the Internal Memorandum did not reflect Nexstar's values; (f) make a determination to continue covering Pride events as it had before; or (g) investigate the circumstances that led to the creation of the Internal Memorandum.  Instead, the alleged defamatory statements attributed to Nexstar constitute opinions about the way the Station chooses to shape its news coverage, not objectively verifiable facts.

In and of itself, Plaintiff's failure to plead this basic element of her claim mandates dismissal, and illustrates the fundamental flaw running throughout Plaintiff's defamation and false light claims: Nexstar made no defamatory statements at all, and therefore Plaintiff cannot properly allege a defamation claim.  *See Ledl v. Quik Pik Food Stores, Inc.*, 133 Mich. App. 583; 349 N.W.2d 529 (1984)(holding that prima facie defamation claims require a plaintiff to prove the falsity of the alleged defamatory statements); *Ireland v. Edwards*, 230 Mich. App. 607; 548 NW2d 632 (Mich App 1998)(holding that if a statement cannot be reasonably interpreted as stating actual facts about the plaintiff, it is not actionable because some expressions of opinion are permitted); *Milkovich v. Lorain Journal Col.*, 497 U.S. 1, at 17-21 (1990).

**3.    Plaintiff fails to allege that Nexstar had the requisite intent to support a defamation claim.**

Plaintiff has also not pled any facts alleging that Defendants had the requisite intent when making the statements Plaintiff attributes to them.  *See Ruedger v. Bruyneel*, No. 243832, 2004 LEXIS at \*5-6 (Mich. App. Feb. 19, 2004) (holding that failure to plead facts showing the requisite intent level results in the failure to state a claim)

Nor has Plaintiff alleged any facts connecting the alleged statements made by Nexstar, which don't mention or reference her, to any reputational harm.  "A communication is defamatory if, considering all of the circumstances, it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."  *Ireland v. Edwards*, 230 Mich. App. 607, 614 (1998).  The determination of harm is made using an objective, reasonable person standard, and must be made within the context of which the statement was made.  *Id.*; *Smith v. Anon. Joint Enterprise*, 487 Mich. 102, 129 (2010).

Here, none of the facts pled by Plaintiff indicate how the general statements alleged to have been made by Nexstar about its news coverage goals could possibly have harmed Plaintiff's reputation in the community.  Without alleged harm, none of the statements can be defamatory.

Plaintiff's Complaint does not on its face identify a single actionable statement, and therefore dismissal of her defamation claim is appropriate.  *Rondigo, LLC v. Twp. Of Richmond*, 2012 WL 1021726, \*9 (E.D. Mich. Mar. 27, 2012); *Siddiqui v. G.M. Corp.*, 2012 WL 335680, \*4 (Mich. App. Feb. 2, 2012).

**C.    Plaintiff's Complaint fails to state a plausible claim for false light upon which relief can be granted.**

At Count II, Plaintiff alleges only four sentences in support of her false light claim, asserting that unidentified "statements" made by Nexstar were highly objectionable to a reasonable person, that they attributed to Plaintiff characteristics, conduct and beliefs that were false and

11

placed Plaintiff in a false light, that Nexstar knew or acted in reckless disregard as to the falsity of the disclosed information and the light in which Fox would be placed, and that Plaintiff experienced damages as a result. *See* Complaint at ¶¶ 47-50.

Plaintiff's false light claim, which apparently relies on all of the same allegations set forth regarding her defamation claim, fails for the exact same reasons as those set forth above in Section III(B) of this Brief. For the sake of brevity, Nexstar incorporates all of those same arguments here.

Plaintiff's false light claim also requires dismissal because she alleges no facts tending to show that Nexstar falsely claimed that it: (a) valued diversity, equity and inclusion; (b) expected its local TV stations to cover and report the news of the day in an expansive and inclusive fashion; (c) looked into the Internal Memorandum; (d) apologized if it offended members of the LBGTQ community; (e) advised its staff that the Internal Memorandum did not reflect Nexstar's values; (f) made a determination to continue covering PRIDE events as it had before; and (g) investigated the circumstances that led to the creation of the Internal Memorandum. Further, those statements did not place Plaintiff in the position of having anything false said about her, nor did they attribute false characterizations to her. Additionally, Plaintiff's failure to allege that Nexstar made the statements with malice is likewise fatal to her claim. *See Foundation for Behavioral Resources v. W.E. Upjohn Unemployment Trustee Corp.*, 332 Mich. App. 406; 957 N.W.2d 352 (holding that malice is an essential element of a false light claim, whether plaintiff is a public or private figure).

For all of the foregoing reasons, Plaintiff's false light claim fails to state a claim upon which relief can be granted, and must be dismissed. *See Duran v. Detroit News, Inc.*, 200 Mich. App. 622; 504 N.W. 2d 715 (Mich. App. 1993)(dismissing false light claim, which was based on news article stating that plaintiffs left Colombia after one of them received death threats, because the information in the article neither attributed false characteristics to plaintiffs, nor did it place

them in a false position).

IV.   **CONCLUSION**

For the reasons set forth above, Defendant Nexstar Media Inc. respectfully requests the Court dismiss Plaintiff's defamation and false light claims with prejudice, and order any other award the Court deems just and equitable.

Respectfully submitted,

 */s/ Richard W. Warren*
Richard W. Warren (P63123)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
TEL: (248) 631-3679
FAX: (248) 593-2603
Dated: July 17, 2024          richard.warren@ogletree.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that the text of this *Brief in Support of Defendant Nexstar Media Inc.'s Motion to Dismiss Plaintiff's Claims for Defamation and False Light*, as counted by Microsoft Word 2016, consists of 5,059 words including heading, footnotes, citations, and quotations (but excluding the case caption, cover page, table of contents, table of authorities, the signature block, this certificate of compliance, certificate of service, and exhibits) and complies with the requirements of Local Civil Rule 7.2(b)(i) and (ii) of the United States District Court for the Western District of Michigan.

As permitted by Local Civil Rule 7.2(b)(ii), the undersigned has relied upon the word count feature of this word processing system in preparing this Certificate of Compliance.

Respectfully submitted,

 */s/ Richard W. Warren*
Richard W. Warren (P63123)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
TEL: (248) 631-3679
FAX: (248) 593-2603
Dated: July 17, 2024          richard.warren@ogletree.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 17, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

> /s/ Richard W. Warren
> Richard W. Warren (P63123)
> OGLETREE, DEAKINS, NASH, SMOAK &
> STEWART, PLLC
> *Attorneys for Defendant*
> 34977 Woodward Avenue, Suite 300
> Birmingham, MI 48009
> TEL: (248) 631-3679
> FAX: (248) 593-2603
> richard.warren@ogletree.com

15