UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


STANTON TANG,

       Plaintiff,

v.                                                                        Case No. 1:24-cv-616

                                              HON. ROBERT J. JONKER

NEXSTAR MEDIA GROUP, INC.,

       Defendant.

_____/

AMY FOX,

       Plaintiff,

v.                                                                        Case No. 1:24-cv-614

                                              HON. ROBERT J. JONKER

NEXSTAR MEDIA GROUP, INC.,

       Defendant.

_____/

## <u>ORDER</u>

      Amy Fox and Stanton Tang worked for Wood-TV as Assistant News Director (Fox) and News Director (Tang).  They lost their jobs after controversy erupted over an internal memo they wrote or approved and sent to their reporters regarding coverage of Pride month activities. Plaintiffs say the memo was not discriminatory in any way and did nothing more than reiterate established corporate policy.  Plaintiffs further say that upstream management initially acknowledged this when some internal players misinterpreted the memo as anti-gay.  However once the memo leaked and external controversy erupted, Plaintiffs allege defendant changed its

tune and decided to make them sacrificial lambs, rather than defend the memo and company policy it embodied, and in the process destroyed the sterling reputation each Plaintiff had earned through years of hard work in the industry.  Plaintiffs sue for defamation *per se*, defamation by implication, false light defamation and violation of Michigan's Bullard-Plawecki Right to Know Act. Defendant says Plaintiffs have failed to plead *Twombly*-plausible defamation claims and moves to dismiss them.  There is no pending motion regarding the Bullard-Plawecki claim.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In determining whether a claim has facial plausibility, a court must construe the complaint in the light most favorable to the plaintiff, accept the factual allegations as true, and draw all reasonable inferences in favor of the plaintiff.  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  As such, *Twombly* calls for a flexible plausibility standard in assessing the adequacy of the pleadings.

In the Court's view, Plaintiffs have cleared the plausibility hurdle.  There is a great deal of discovery that both sides will need to complete to flesh out who actually said what and when; whether the memo leaked with the actual or tacit approval of Defendant and its management, or through unauthorized lower-level channels; and what exactly the Defendant's policy was and how, if at all, the memo deviated from it.  What the present allegations do fairly assert at this early stage is that two respected and skilled professionals working in news management lost their jobs in the wake of an internal and external dispute over a memorandum that they say was non-discriminatory and consistent with company policy, but that many inside and outside of the company interpreted as anti-gay.  That, in turn, led to the controversy internally and externally.  According to the Plaintiffs' allegations, Defendant's management was initially supportive of the memo and its

contents when the controversy was internal only, but that once the external dispute exploded management changed course and decided to make Fox and Tang scapegoats in an effort to distance the company from the controversy.  Defendant did this, according to Plaintiffs, by making some statements and refusing to make other statements, that had the impact of creating and reinforcing a narrative falsely casting Fox and Tang as anti-gay and the company as troubled by that as the most vocal critics in the community.  The net result, say Plaintiffs, is that Defendant promoted a false picture that destroyed Plaintiffs' reputations in an effort to preserve Defendant's own.

It may well be that after plenary discovery there will be shortfalls in Plaintiffs' ability to prove up this theory, or at least to create triable issues of fact about it.  But the best time to evaluate that is on the Rule 56 record.  Defendant understandably tries to isolate and pick apart each of Plaintiff's specific allegations, but the *Twombly* test is not as demanding as Defendant suggests. Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  As Plaintiffs properly note, many of the cases used by Defendant to support its argument were decided on summary judgment.  True, that does not make them inapplicable to consideration on a Rule 12 motion, but it does bespeak caution when trying to decide intensely fact-based disputes on a limited record.

At this stage, the Court is satisfied that the Plaintiffs have stated *Twombly*-plausible claims. Whether they can sustain those claims on a Rule 56 record remains to be seen.  But they should at least have that chance.  The Defendant's Motions to Dismiss are therefore denied.

**IT IS SO ORDERED.**

Dated:   September 24, 2024         /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   UNITED STATES DISTRICT JUDGE