# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| AMY FOX,<br><br>            Plaintiff,<br><br>v.<br><br>NEXSTAR MEDIA INC., a Delaware corporation,<br>            Defendant. | Case No. 1:24-cv-00614<br><br>Hon. Robert J. Jonker<br><br>Magistrate Judge Ray Kent |
| Nancy Temple<br>KATTEN & TEMPLE, LLP<br>*Attorneys for Plaintiff*<br>209 S. LaSalle Street, Suite 950<br>Chicago, IL  60604<br>TEL: (312) 663-0800<br>ntemple@kattentemple.com | Richard W. Warren (P63123)<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC<br>*Attorneys for Defendant*<br>34977 Woodward Avenue, Suite 300<br>Birmingham, MI 48009<br>TEL: (248) 631-3679<br>FAX: (248) 593-2603<br>richard.warren@ogletree.com |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Court's authority, and the stipulation of the parties (Defendant Nexstar Media Inc., and Plaintiff, Amy Fox), the Court hereby enters the following protective order:

1.    **Scope.** All materials produced or adduced in discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (collectively, "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of the Western District of Michigan and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

1

2.      **Confidential Information.** As used in this Order, "Confidential Information" means information that a party reasonably and in good faith believes to contain confidential information that is not publicly available and designated as "CONFIDENTIAL" by the designating party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, financial, or proprietary information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personally identifiable information; (f) income tax returns (including attached schedules and forms, W-2 forms, and 1099 forms); (g) personnel or employment records of a person who is not a party to the case; (h) non-public internal policies and procedures that are held as confidential and not disclosed outside of the company (i) customer or source information; or (j) other sensitive or proprietary information that a party reasonably and in good faith believes to contain confidential information not publicly available. Information or documents that are available to the public may not be designated as Confidential Information.

3.      The parties have agreed to coordinate discovery in this action (the "*Fox* Action") with the case captioned *Tang v. Nexstar,* Case No. 1:24-cv-000615, pending before the Honorable Robert J. Yonker in the Western District of Michigan (the "*Tang* Action"). The parties therefore agree that any documents subject to this Protective Order in the *Fox* Action shall receive the same treatment subject to a similar protective order entered in the *Tang* Action and may be used in connection with either case.

4.      **Designations.**

   a.   A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order,

"copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be so marked.

      b. The designation of a document as "CONFIDENTIAL" is a certification by an attorney that the document contains Confidential Information as defined in this Order.

    5. **Deposition Testimony.** Any portion of requested testimony may be designated as Confidential Information if the party or attorney making the designation reasonably and in good faith believes it will reveal confidential medical and/or personal financial information, a trade secret, or other confidential research and development, commercial, customer, or sensitive information. No later than 30 days after the transcript is delivered to a party, and in no event later than 60 days after the testimony was given, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designation Confidential Information, and thereafter only those portions identified in the Notice of Designation shall by protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

    6. **Protection of Confidential Material.**

a. General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

b. Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (i)-(ix). Subject to these requirements, the following categories or persons may be allowed to review Confidential Information.:

   i. Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

   ii. Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

   iii. The Court and its personnel;

   iv. Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

   v. Consultants, Investigators, and Experts. Consultants, investigators, experts and their staff, employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to be Bound;

   vi. Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

    vii. Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order, and the court reporters transcribing the depositions;

    viii. Facilitators, mediators, or court appointed discovery masters;

    ix. As set forth above, Confidential Documents may be shared with the same categories of personnel in (i)-(viii) in the *Tang* Action; and

    x. Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

    c. Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

    7.    **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

8. **Filing Under Seal**. This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. If a party wishes to reference Confidential Information produced by another party under this Protective Order, the parties shall meet and confer. If the producing party insists that such Confidential Information can be used only if it is filed under seal, the producing party bears the burden of establishing to the Court the need for filing under seal. Either or both parties must comply with W.D. Mich. L.R. 10.6 with regard to the filing of any documents or information under seal, which require the filing and service of a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (e) a memorandum of legal authority supporting the seal; and (f) the parties' efforts to meet and confer regarding the filing of Confidential Information under seal. See W.D. Mich. LR 10.6. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal is granted, then the documents to be sealed shall be electronically filed.

8. **Notice to Designating Party**. Any party, other than the designating party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the designating party of the proposed filing, so that the designating party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an

agreement regarding whether the Confidential Information should be filed under seal. See W.D. Mich. LR 7.1(d). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with the Western District of Michigan Local Rule 10.6. If an agreement is not reached, then the designating party may file a motion in compliance with Local Rule 10.6. If the motion is denied or if the Court fails to rule on the motion within five business days, the party may file the material, but not under seal.

9. **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was improper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth the basis for the challenge. Each such motion must be accompanied by a declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11. **Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party who intends to present or who anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and the parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit. Third parties may designate information produced as "CONFIDENTIAL".

13. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than seven court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the

subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

14. **Obligations on Conclusion of Litigation**.

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) All documents and things designated as "CONFIDENTIAL" and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court determines are not confidential. Outside litigation counsel for each party may keep a copy of all pleadings and other documents filed with the Court for their files.

(c) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

15. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter after meeting and conferring.

16. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED
This Order is not a final Order and does not close the case.

Dated:  November 26, 2024               /s/ Robert J. Jonker
                                        Hon. Robert J. Jonker
                                        United States District Court Judge

Approved as to form and substance by:

s/ Nancy A. Temple                      s/ Richard W. Warren

Nancy Temple                            Richard W. Warren (P63123)
KATTEN TEMPLE, LLP                      OGLETREE, DEAKINS, NASH, SMOAK &
*Attorneys for Plaintiff*               STEWART, PLLC
209 S. LaSalle Street, Suite 950        *Attorneys for Defendant*
Chicago, IL  60604                      34977 Woodward Avenue, Suite 300
TEL: (312) 663-0800                     Birmingham, MI 48009
ntemple@kattentemple.com                TEL: (248) 631-3679
                                        FAX: (248) 593-2603
                                        richard.warren@ogletree.com

Dated:  November 14, 2024

EXHIBIT A – ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, have reviewed the foregoing Protective Order entered into in this case and understand the terms and conditions. I agree to be bound by the terms of the Protective Order and agree to submit to the jurisdiction of the United States District Court for the Western District of Michigan for the purposes of enforcement of this Protective Order.

_____
[Name]

Date:_____