**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AMY FOX,

    Plaintiff,

v.

NEXSTAR MEDIA GROUP INC.,
a Delaware corporation

    Defendant.

Case No. 2024-cv-0614

Hon. Robert J. Jonker

Magistrate Judge Ray Kent

Nancy Temple
KATTEN TEMPLE, LLP
*Attorneys for Plaintiff*
209 S. LaSalle Street, Suite 950
Chicago, IL 60604
TEL: (312) 663-0800
ntemple@kattentemple.com

Richard W. Warren (P63123)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
TEL: (248) 593-6400
FAX: (248) 593-2603
richard.warren@ogletree.com

**DEFENDANT NEXSTAR MEDIA GROUP INC.'S**
**MOTION TO COMPEL DEPOSITION OF PLAINTIFF FOX**

Defendant Nexstar Media Group Inc. ("Defendant"), by and through counsel, hereby moves the Court, pursuant to Federal Rules of Civil Procedure 37, for entry of an Order compelling Plaintiff Amy Fox to appear for a deposition at a convenient place and time *prior* to taking the deposition of Defendant's witnesses. On February 14, 2025, Defendant was the first to formally and properly deliver a Notice of Deposition of Plaintiff. (ECF No. 35, Proof of Service of Notice of Deposition of Plaintiff). Plaintiff, however, failed to formally deliver any Notice of Deposition to Defendant. Instead, Plaintiff, aware of the proper Notice procedure, merely sent an informal

email request to counsel for Defendant, generally requesting to take depositions of nearly ten of Defendant's witnesses.

For the reasons set forth above and in Defendant's accompanying Brief in Support, Defendant respectfully requests that its Motion to Compel be granted and respectfully asks this Court to enter an Order compelling Plaintiff to appear for a deposition.

Pursuant to W.D. Mich. L.R. 7.1(d), prior to filing of this Motion, Defendant's counsel attempted to obtain Plaintiff's concurrence in an effort to resolve the dispute, but such concurrence was not forthcoming.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ *Richard W. Warren* |
|  | Richard W. Warren (P63123) |
|  | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC |
|  | *Attorneys for Defendant* |
|  | 34977 Woodward Avenue, Suite 300 |
|  | Birmingham, MI 48009 |
|  | TEL: (248) 593-6400 |
|  | FAX: (248) 593-2603 |
| Dated: March 5, 2025 | richard.warren@ogletree.com |

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AMY FOX,

    Plaintiff,

v.

NEXSTAR MEDIA GROUP INC.,
a Delaware corporation

    Defendant.

Case No. 2024-cv-0614

Hon. Robert J. Jonker

Magistrate Judge Ray Kent

---

Nancy Temple
KATTEN TEMPLE, LLP
*Attorneys for Plaintiff*
209 S. LaSalle Street, Suite 950
Chicago, IL 60604
TEL: (312) 663-0800
ntemple@kattentemple.com

Richard W. Warren (P63123)
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
TEL: (248) 593-6400
FAX: (248) 593-2603
richard.warren@ogletree.com

---

### BRIEF IN SUPPORT OF DEFENDANT NEXSTAR MEDIA GROUP INC.'S MOTION TO COMPEL DEPOSITION OF PLAINTIFF FOX

Plaintiff Amy Fox ("Plaintiff" or "Fox") filed her action in this Court, and like any other plaintiff advancing claims for which she bears the burden of proof, she is obligated to appear for a properly noticed deposition in this District. Plaintiff, however, has refused to sit for a deposition prior to taking the deposition of nearly ten (10) witnesses represented by Defendant Nexstar Media Group Inc. ("Defendant" or "Nexstar"). See **Exhibit 1**. This is improper. Defendant has the right to gain a full understanding of the factual basis of Plaintiff's claims before it can reasonably defend against those claims and prepare its witnesses for deposition. Counsel for the parties have met and conferred in a good faith effort to narrow the area of disagreement both by phone and by email

correspondence, but are at impasse, necessitating a ruling of this Court, directing Plaintiff to appear for a deposition in this District *prior* to taking any deposition of Defendant's witnesses. *See, e.g.*, *LaQuinta Hightower-Mathis v. Nextcare Mich. Providers, PLLC*, No. 23-13310, 2024 BL 375769 (E.D. Mich. Oct. 21, 2024).

## I. RELEVANT BACKGROUND

On February 14, 2025, Defendant delivered a formal and proper Notice of Deposition of Plaintiff to Plaintiff's counsel by email and by USPS first-class mail. (ECF No. 35, Proof of Service of Notice of Deposition of Plaintiff). Plaintiff, however, failed to formally deliver any Notice of Deposition to Defendant. Instead, Plaintiff, aware of the proper Notice procedure, merely sent an informal email request to counsel for Defendant, generally requesting to take depositions of nearly ten of Defendant's witnesses.

## II. LAW AND ARGUMENT

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This includes "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "A party may, by oral question, depose any person, including a party, without leave of court, except as provided in Rule 30(a)(2)." Fed. R. Cvi. P. 30(a)(1). "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery," including an order compelling a deposition. *See* Fed. R. Civ. P. 37(a)(1); Fed. R. Civ. P. 37(a)(3)(B)(i). In addition, because courts have wide latitude in controlling discovery, the determination of a motion to compel is within the broad discretion of the trial court. *Ardrey v. United Parcel Service*, 798 F.2d 679, 682 (4th Cir. 1986); *see also Hinkle v. City of Clarksburg, W. Va.,* 81 F.3d 416, 429 (4th Cir.1996) (noting that

courts have "nearly unfettered discretion to control the timing and scope of discovery and [to] impose sanctions for failure to comply with its discovery orders"). Moreover, pursuant to Federal Rule of Civil Procedure 26(d)(3), "discovery by one party does not require any other party to delay its discovery." Broadly, federal courts have held that depositions should be conducted in a "first come first serve" basis "as a matter of fairness." *LaQuinta Hightower-Mathis v. Nextcare Mich. Providers, PLLC*, No. 23-13310, 2024 BL 375769 (E.D. Mich. Oct. 21, 2024) quoting *Guidehouse LLP v. Shah,* 2020 WL 13927593, *3 (S.D.N.Y. Oct. 27, 2020) (finding that "the party who first serves a valid notice of deposition shall have priority" and depositions should be conducted in a "first come first serve" basis "as a matter of fairness"); see also *Schlein v. Wyeth Pharms., Inc*., 2012 WL 10359554, at *2 (S.D. Ga. Dec. 13, 2012) (collecting cases) (courts "faced with the question of priority have, in the main, concluded that the first party to serve a notice of deposition is entitled to priority of questioning at that deposition.").

Where a party is first to request a deposition but fails to properly and formally notice the other, federal courts have found such a request is insufficient to be provided priority. See *Blue v. City of River Rouge*, No. 16-CV-10526, 2017 WL 2438789, at *2 (E.D. Mich. June 6, 2017) (ordering Plaintiff's deposition be taken first even where Plaintiff was first to request because Defendant was first to *properly* and *formerly* notice Plaintiff's deposition) (emphasis in original). A party seeking to alter the sequence of depositions must show good cause to do so. *Harris v. River Rouge Hous. Comm'n*, 2012 WL 12930807, *3 (E.D. Mich. May 2, 2012).

Here, while Plaintiff was the first party to send an email request to take depositions in this matter, Defendant was the first to properly and formally notice Plaintiff's deposition. (ECF No. 35). Plaintiff then unilaterally decided to interfere with Defendant's ability to take Plaintiff's deposition until she first deposes Defendant Nexstar's corporate witnesses. As stated above, in

directly analogous circumstances, the Eastern District of Michigan has ruled that, absent a plaintiff's showing of good cause, the defendant, who was first to "properly and formally notice" the deposition, should take the plaintiff's deposition first. See *Blue v. City of River Rouge*, 2017 WL 2438789, at *2. Plaintiff does not, and cannot, show any good cause to alter the typical sequence of depositions. Moreover, because Plaintiff, and only Plaintiff, is aware of every detail of her claims, Defendant has no adequate method of preparing its witnesses for deposition without first obtaining that knowledge from Plaintiff first.

### III.     CONCLUSION

Accordingly, Defendant Nexstar respectfully requests that this Court find that Plaintiff has not shown good cause to stay the taking of her deposition until she has first taken the deposition of Defendant's witnesses, and therefore grant Defendant Nexstar Media Group Inc.'s Motion to Compel Deposition of Plaintiff, and based on the Parties' asserted availability, order Plaintiff's deposition to proceed as noticed.

Respectfully submitted,

/s/ *Richard W. Warren*
Richard W. Warren (P63123)
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC
*Attorneys for Defendant*
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
TEL: (248) 593-6400
FAX: (248) 593-2603
Dated:  March 5, 2025           richard.warren@ogletree.com

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2025, I electronically filed the foregoing paper with the Clerk of Court using the ECF system, which will send notification of such filing to all attorneys of record.

        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Richard W. Warren*
    Richard W. Warren (P63123)
    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, PLLC
    *Attorneys for Defendant*
    34977 Woodward Avenue, Suite 300
    Birmingham, MI 48009
    TEL: (248) 593-6400
    FAX: (248) 593-2603
    richard.warren@ogletree.com

88458018.v1-OGLETREE