UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY FOX,

    Plaintiff,                                      Case No. 1:24-CV-614

v.                                                 Hon. Robert J. Jonker

NEXSTAR MEDIA GROUP, INC.,

    Defendant.

_____/

**ORDER**

On June 17, 2025, the Court heard argument on Plaintiff's Motion to Compel (ECF No. 43). Prior to the hearing, Defendant produced 20 pages of documents previously withheld as privileged or subject to the work product doctrine. During the hearing, Defendant agreed to produce 70 more documents from its revised privilege log. The Court agreed to perform an *in camera* review of the remaining documents identified in the log to determine whether any of the documents had been improperly withheld.

Plaintiff later filed a Motion for Leave to Supplement (ECF No. 67). The Court having considered the supplement, the motion is **GRANTED**.

The attorney-client privilege protects from disclosure confidential communications between a lawyer and client.

> The question of whether the attorney-client privilege applies is a mixed question of law and fact[.] *See In re Grand Jury Proceedings October 12, 1995*, 78 F.3d 251, 253-54 (6th Cir.1996). Questions of privilege are to be determined by federal common law in federal question cases. Fed.R.Evid. 501. The elements of the attorney-client privilege are as follows: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection is waived. *Fausek v. White*, 965 F.2d 126,

129 (6th Cir.1992) (citing *United States v. Goldfarb*, 328 F.2d 280, 281 (6th Cir.1964)). *Reed v. Baxter*, 134 F.3d 351, 355-56 (6th Cir. 1998).

The work-product doctrine protects an attorney's trial preparation materials from discovery to preserve the integrity of the adversarial process. *See Hickman v. Taylor*, 329 U.S. 495, 510-14 (1947). Fed. R. Civ. P. 26(b)(3) provides that, "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." As the Sixth Circuit stated in *In re Professionals Direct Insurance Co.*, 578 F.3d 432 (6th Cir. 2009):

> To determine whether a document has been prepared "in anticipation of litigation," and is thus protected work product, we ask two questions: (1) whether that document was prepared "because of" a party's subjective anticipation of litigation, as contrasted with ordinary business purpose; and (2) whether that subjective anticipation was objectively reasonable. *United States v. Roxworthy*, 457 F.3d 590, 594 (6th Cir. 2006). If a document is prepared in anticipation of litigation, the fact that it also serves an ordinary business purpose does not deprive it of protection, *id*. at 598-99, but the burden is on the party claiming protection to show that anticipated litigation was the "driving force behind the preparation of each requested document." *Roxworthy*, 457 F.3d at 595 (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir.1992)).

*In re Professionals Direct Insurance Co.*, 578 F.3d at 438-39.

The documents submitted to the Court for in camera review, with few exceptions, were emails or email chains which included Terri Bush, Defendant's Associate General Counsel and Senior Vice President of Human Resources. The Court has completed its review and reached the following conclusions:

Entry # 1 was properly withheld.

Entry # 3 must be produced.

Entry # 73

      901_0001 to the middle of 0002 was properly withheld.

      901_from the middle of 0002 through 0003 must be produced.

Entry # 75

      905_0001and 0002 were properly withheld

      905_0003 must be produced

Entry # 76

      1035_0001 was properly withheld

      1035_0002 must be produced

Entry # 77

      1040_0001 redacted material properly withheld

Entry # 78

      19_0001-0003 properly withheld

Defendant shall produce the unprotected documents with 21 days of this order.

    **IT IS SO ORDERED.**

Dated:  July 22, 2025          /s/ Ray Kent  
                                                RAY KENT  
                                                United States Magistrate Judge