UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY FOX,

Plaintiff,

v.

NEXSTAR MEDIA GROUP, INC.,

Defendant.
_______________________________/

CASE NO. 1:24-cv-0614

HON. ROBERT J. JONKER

STANTON TANG,

Plaintiff,

v.

NEXSTAR MEDIA GROUP, INC.,

Defendant.
_______________________________/

CASE NO. 1:24-cv-0616

HON. ROBERT J. JONKER

**ORDER RE: DEFENDANT'S SECOND MOTION IN LIMINE**

Defendant moves in limine to exclude evidence, testimony, and argument touching on a variety of issues. (1:24-cv-0614, ECF No. 127; 1:24-cv-0616, ECF No. 99) The Court concludes that all of the issues raised by Defendant are either moot, legally unsupported, or best addressed through instructions to the jury rather than through a motion in limine. Therefore, the Court will **DENY** Defendant's motion. (1:24-cv-0614, ECF No. 127.)

**ISSUES DISCUSSED IN DEFENDANT'S SECOND MOTION IN LIMINE**

**I. Evidence or Statements Invoking "David and Goliath" Arguments**

Defendant contends that Plaintiffs should be prohibited from presenting any evidence concerning Defendant's size, net worth, or other attribute that would tend to suggest a

David-and-Goliath scenario. (1:24-cv-0614, ECF No. 127, PageID.1973.) Plaintiffs state that they have no intention of submitting such evidence for the purpose of making David-and-Goliath arguments but that they do intend to submit evidence of Nexstar's size within the news broadcasting industry to help the jury understand "the context of Nexstar's defamatory statements, . . . the impact of those statements on Plaintiffs and Plaintiffs' ability to obtain comparable employment in the industry, and Plaintiffs' reputational damages." (1:24-cv-0614, ECF No. 136, PageID.2146–47.) The Court sees no reason to prevent Plaintiffs from presenting evidence related to Nexstar's size for the narrow purpose identified by Plaintiffs. Therefore, the Court denies Nexstar's request regarding this issue.

**II. References to the Size of the Law Firm Representing Defendant**

Defendant argues that Plaintiffs should be precluded from making any references to characteristics of the Defendant's law firm, such as to the number of attorneys it employs or the location of its offices. (1:24-cv-0614, ECF No. 127, PageID.1974.) Plaintiffs assert that they have no intention of making such references. (1:24-cv-0614, ECF No. 136, PageID.2148.) Therefore, this point is moot.

**III. References to Pre-Trial Filings and Orders**

Defendant states that Plaintiffs should not be allowed to make any references to pre-trial filings or orders. (1:24-cv-0614, ECF No. 127, PageID.1975.) Plaintiffs claim that they have no intention of making such references. (1:24-cv-0614, ECF No. 136, PageID.2148.) Therefore, this point is moot.

**IV. Evidence or Statements Invoking "Sacrificial Lamb" Arguments**

Defendants contend that Plaintiffs should be prohibited from presenting evidence suggesting that Plaintiffs' terminations were wrongful because this is not a wrongful termination

case and such evidence would thus confuse the jury. (1:24-cv-0614, ECF No. 127, PageID.1976.) Plaintiffs agree that this is not a wrongful termination case, but they contend that evidence of the wrongfulness of the terminations is inherently connected to the core theory of the case—which is that Defendant made Plaintiffs into scapegoats in order to "deflect the adverse publicity about the internal memo." (1:24-cv-0614, ECF No. 136, PageID.2149.) The Court agrees with Plaintiffs. Therefore, the Court will deny Defendant's request regarding this issue.

**V. Evidence or Statements Implying that Gary Weitman Committed Perjury**

In her Case Evaluation Summary, Plaintiff Fox states that Gary Weitman "perjured himself" by stating in his April 2025 deposition that he had "no idea that CNN would report . . . that Fox and Tang had been fired by Nexstar"—a statement later shown to be false. (1:24-cv-0614, ECF No. 127, PageID.1977; 1:24-cv-0614, ECF No. 136, PageID.2149.) Defendant contends that Plaintiffs should be prohibited from making any statements suggesting that Weitman committed the crime of perjury because Weitman has never been convicted of perjury. (1:24-cv-0614, ECF No. 127, PageID.1977.) Plaintiffs state that they have no intention of suggesting Weitman was convicted of perjury but that they do intend to present evidence showing that Weitman's deposition testimony was false. (1:24-cv-0614, ECF No. 136, PageID.2150.)

The Court sees no reason to prevent Plaintiffs from presenting evidence showing that Mr. Weitman's deposition testimony was at odds with the statements he made in emails in 2023. The Court will not allow any parties to explain that the reason for the delayed email disclosure was an initial privilege claim later overruled by the Court, but presentation of the deposition testimony and the 2023 emails are perfectly proper for multiple different purposes. Therefore, the Court denies Nexstar's request regarding this issue.

**VI. References to Defendant's Privilege Log**

Defendant argues that Plaintiffs should be prohibited from making references to Defendant's privilege lot. (1:24-cv-0614, ECF No. 127, PageID.1978.) Plaintiffs indicate that they do not intend to make references to Defendant's privilege log unless Nexstar testifies in a way that is inconsistent with that privilege log, in which case Plaintiffs would reference it in order to impeach Nexstar. (1:24-cv-0614, ECF No. 136, PageID.2151.) The Court considers this point moot.

**VII. Evidence or Statements Concerning WOOD-TV's Pride Coverage in 2023**

Defendant asserts that Plaintiffs should not be allowed to present evidence or arguments concerning the amount or type of Pride stories WOOD-TV covered in 2023 because such evidence and arguments are irrelevant to Plaintiff's defamation, false light, and ERKA claims. (1:24-cv-0614, ECF No. 127, PageID.1978.) Plaintiffs counter that evidence relating to WOOD-TV's 2023 Pride coverage is highly relevant to Plaintiffs' claims because such evidence provides the context in which all the other major events giving rise to the claims took place. (1:24-cv-0614, ECF No. 136, PageID.2151.) The Court agrees that such evidence is relevant and should be allowed for the purposes outlined by Plaintiffs. Therefore, the Court denies Defendant's request regarding this issue.

**VIII. Arguments Suggesting Plaintiff Fox Cannot Ever Obtain Comparable Employment**

Defendant argues that Plaintiff Fox should be prohibited from presenting evidence suggesting that she will be unable to ever obtain a position comparable to the one she held at Nexstar because such evidence would confuse the jury. (1:24-cv-0614, ECF No. 127, PageID.1979.) Plaintiffs respond that it is perfectly proper for Plaintiff Fox to testify regarding her efforts to mitigate her damages and her inability to find comparable employment after being

terminated by Nexstar. (1:24-cv-0614, ECF. No. 136, Page.ID.2153.) The Court agrees that such evidence is relevant for the purposes articulated by Plaintiffs. Therefore, the Court declines Nexstar's request regarding this issue.

**IX. Evidence or Statements Concerning Changes in Nexstar's DEI Policies**

In the Spring of 2025, Nexstar removed from its websites certain language regarding its DEI policies. (1:24-cv-0614, ECF No. 127, PageID.1979.) Nexstar claims the change was in response to Presidential Executive Orders, and it argues that Plaintiffs should be prohibited from referencing these changes in any way. (*Id.* at PageID.1980.) Plaintiffs state that they have no intention of invoking the changes to the DEI policy or the removal or DEI language but that they do intend to ask about the DEI policy that was in place in 2023. (1:24-cv-0614, ECF No. 136, PageID.2154.) Given that Nexstar publicly implied that the memo violated its DEI policies, the Court views evidence regarding that policy as highly relevant. Therefore, the Court declines Nexstar's request regarding this issue.

**X. Arguments Suggesting that Nexstar Concluded the Memo Violated Its DEI Policies**

Nexstar contends that "the question of whether . . . the internal memo violated Nexstar's DEI policies . . . is irrelevant to the claims at issue . . . because this is not a wrongful termination case where policy violations need to be determined or evaluated by a jury." 1:24-cv-0614, ECF No. 127, PageID.1980.) Plaintiffs counter that this evidence is relevant for the same reasons that evidence regarding the 2023 DEI policy is relevant—it relates directly to the incident giving rise to the claims. (1:24-cv-0614, ECF No. 136, PageID.2155.) The Court agrees with the Plaintiffs that the evidence is relevant. Therefore, the Court declines to grant Nexstar's request regarding this issue.

## XI. Evidence of or References to Nexstar Destroying Workplace-Investigation Notes

Plaintiff and Defendant disagree about whether there is any evidence that Nexstar destroyed some of the notes it created while performing the investigation that led to Fox and Tang being terminated. Defendant says that no witness has ever testified to having destroyed such notes, (1:24-cv-0614, ECF No. 127, PageID.1981), while Plaintiff says that Theresa Underwood testified that the notes were "tossed," (1:24-cv-0614, ECF No. 136, PageID.2155). Plaintiffs further contend that such evidence is relevant and will be useful for the jury. (1:24-cv-0614, ECF No. 136, PageID.2155.) The Court agrees that the evidence is relevant for the purposes outlined by Plaintiffs. Therefore, the Court declines to grant Nexstar's request regarding this issue.

## XII. Evidence of or References to Verdicts in Other Defamation Cases

Defendant argues that Plaintiffs should not be allowed to present evidence relating to verdicts or settlements in other defamation cases because such evidence is prejudicial and irrelevant. (1:24-cv-0614, ECF No. 127, PageID.1982.) Plaintiffs state that they have no intention of presenting such evidence. (1:24-cv-0614, ECF No. 136, PageID.2155.) Therefore, the issue is moot.

## XIII. Evidence of or References to Plaintiffs' Financial Burden

Defendant states that evidence and references to Plaintiffs' financial legal burden, such as details regarding Plaintiffs' obligation to pay attorneys' fees or their fee-arrangement with their attorneys, because such evidence and references are irrelevant and prejudicial. (1:24-cv-0614, ECF No. 127, PageID.1982.) Plaintiffs counter that Michigan law requires that evidence regarding attorney fees be presented to the jury. (1:24-cv-0614, ECF No. 136, PageID.2156.) The Court agrees with Plaintiffs that, under Michigan law, some evidence regarding attorney fees must be presented to the jury. Appropriate limits, in any, on such evidence will depend to some extent on

the flow of trial and is not manageable on an in limine basis. Appropriate limits, if any, on the jury's use of such evidence is a matter for jury instructions.

**XIV. Evidence of Plaintiffs' Non-Economic Damages**

Defendant asserts that "Plaintiffs should be precluded from referencing or introducing evidence regarding any reputational damages, emotional damages, or any other non-economic damages unless and until they prove that Nexstar defamed Plaintiffs with actual malice." (1:24-cv-0614, ECF No. 127, PageID.1983.) Nexstar responds that Michigan law allows consideration of such evidence, even if Plaintiffs do not prove actual malice. (1:24-cv-0614, ECF No. 136, PageID.2156.) The Court sees no reason to prevent the jury from being presented with evidence with evidence regarding non-economic damages. Limitations on what the jury may or may not do with such evidence can be addressed in the jury instructions. For the purposes of this motion, the Court will decline to grant Nexstar's request.

**CONCLUSION**

Nexstar's Motion in Limine (1:24-cv-0614, ECF No. 127; 1:24-cv-0616, ECF No. 99) is **DENIED.** The Court reminds the parties that in limine rulings are inherently provisional and subject to the development and presentation of proofs during trial.

**IT IS SO ORDERED.**

Dated: September 9, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE