**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| AMY FOX,<br><br>Plaintiff,<br><br>v.<br><br>NEXSTAR MEDIA GROUP, INC.,<br><br>Defendant. | ) | Case No. 2024-cv-0614 |
| STANTON TANG,<br><br>Plaintiff,<br><br>v.<br><br>NEXSTAR MEDIA GROUP, INC.,<br><br>Defendant. | ) | Case No. 2024-cv-0616 |

**PLAINTIFFS' RESPONSE TO THE COURT'S REVISED PROPOSED JURY INSTRUCTIONS (ECF NO. 161-1)**

Plaintiffs respectfully submit this response to the Court's revised proposed jury instructions, specifically to request the complete description of Michigan law on the issue of a principal ratifying the acts of an agent in the instructions regarding Agency Principles and Consideration of Evidence—Corporate. [ECF 161-1, PageID.2623, PageID.2624] The grounds supporting this response are set forth below.

Michigan Law on a Principal's Ratification of an Agent's Acts

Michigan follows the Restatement (Third) of Agency with respect to agent-principal relationships. *See Dobronski v. NPS, Inc.*, No. 356617, 2022 WL 1194212, at *4–5 (Mich. Ct. App. Apr. 21, 2022). In *Jonna v. Latinum*, 617 F. Supp. 3d 758, 771 (E.D. Mich. 2022), the court reiterated that "Michigan courts have recently cited the Restatement (Third) of Agency when

analyzing-state laws claims relying on agent-principal relationships." (citing *Dobronski v. NPS*, *supra*).

In *Dobronski v. NPS*, the Michigan appellate court relied upon the Restatement (Third) of Agency to define the concept of ratification under Michigan law and held: "'Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority.'" 2022 WL 1194212, at *5 (quoting 1 Restatement Agency, 3d, § 4.01(1)). *Dobronski v. NPS* further held that "[a] principal can ratify an act by '(a) manifesting assent that the act shall affect the person's legal relations, *or* (b) conduct that justifies a reasonable assumption that the person so consents.'" *Id.* (quoting 1 Restatement Agency, 3d, § 4.01(2) (emphasis added)); *see Jonna,* 617 F. Supp. 3d. at 773–74 (quoting *Dobronski v. NPS, supra,* at *5); *see also Dobronski v. Winred, Inc*, No. 2:24-CV-12513, 2026 WL 2168723, at *5 (E.D. Mich. July 28, 2026) (applying the same definition of ratification including the alternative concept that ratification occurs by conduct that justifies a reasonable assumption that the person so consents).

CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the disjunctive second prong of ratification be added to the two applicable corporate agency jury instructions.

Dated: October 7, 2026

Respectfully submitted,

*/s/ Nancy A. Temple*

Nancy A. Temple
Lauren Szwarc
Katten & Temple, LLP
33 North Dearborn St., Suite 1800
Chicago, IL 60602
312-663-0800
ntemple@kattentemple.com
lszwarc@kattentemple.com

**CERTIFICATE OF SERVICE**

I certify that the foregoing PLAINTIFFS' RESPONSE TO THE COURT'S REVISED PROPOSED JURY INSTRUCTIONS (ECF NO. 161-1) was served on counsel of record for Defendant pursuant to the Court's electronic ECF filing system on October 7, 2026.

/s/ *Nancy A. Temple*
Nancy A. Temple
Katten & Temple, LLP
209 S. LaSalle St., Suite 950
Chicago, IL 60604
(312) 663-0800
ntemple@kattentemple.com

*Counsel for Plaintiff Amy Fox*