UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANTON TANG,

Plaintiff,

v. Case No. 1:24-cv-616

HON. ROBERT J. JONKER

NEXSTAR MEDIA GROUP, INC.,

Defendant.

_______________________________/

AMY FOX,

Plaintiff,

v. Case No. 1:24-cv-614

HON. ROBERT J. JONKER

NEXSTAR MEDIA GROUP, INC.,

Defendant.

_______________________________/

# JURY INSTRUCTIONS AND VERDICT FORM

## TABLE OF CONTENTS

Introduction ....................................................................................................1
More Than One Plaintiff .....................................................................................2
Jurors' Duties ...................................................................................................3
All Persons Equal Before the Law—Organizations ...............................................4
Evidence Defined ..............................................................................................5
Consideration of Evidence .................................................................................6

Agency Principles.....7
Consideration of Evidence—Corporate.....8
Direct and Circumstantial Evidence.....9
Credibility of Witnesses.....10
Number of Witnesses.....13
All Available Evidence Need Not Be Produced.....14
Single Witness.....15
Not Required to Accept Uncontradicted Testimony.....16
Lawyers' Objections.....17
Introduction.....18
Burden of Proof.....19
Defamation Claim.....21
False Light Invasion of Privacy Claim.....23
Michigan Employee Right to Know Act Claim.....24
Consider Damages Only if Necessary.....26
Defamation Damages.....28
Damages for False Light Invasion of Privacy.....30
Damages for Violation of the Employee Right to Know Act.....31
No Double Recovery of Damages.....32
Introduction.....34
Stipulations of Fact.....35
Testimony Of Expert Witness.....36
Compensation Of Expert Witness.....37
Impeachment: Prior Inconsistent Statement or Conduct.....38
Summaries Not Admitted in Evidence.....39
Witness Who Has Been Interviewed by an Attorney.....40
Introduction.....41

Research and Investigation ........................................................................43
Duty to Deliberate ........................................................................44
Juror Notes ........................................................................45
Verdict Form Instruction ........................................................................46
Court Has No Opinion ........................................................................47

## **Introduction**

(1) Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

(2) I will start by explaining your duties and the general rules that apply in every civil case.

(3) Then I will explain the elements of the claim made by the plaintiffs.

(4) Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(5) Then the lawyers for the parties will make their closing arguments.

(6) After closing arguments, I will explain the rules that you must follow during your deliberations in the jury room and the possible verdicts that you may return.

(7) Please listen very carefully to everything I say.

**More Than One Plaintiff**

(1) There is more than one plaintiff in this trial. Each plaintiff's case is entitled to separate consideration by you. I will not repeat my instructions for each plaintiff. These instructions refer to each of them, individually.

(2) Furthermore, although there is more than one plaintiff in this case, it does not follow from that fact alone that if one is entitled to recover, all are entitled to recover. The defendant is entitled to a fair consideration of the defendant's defense as to each plaintiff, just as all plaintiffs are entitled to a fair consideration of the individual claims against the defendant.

**Jurors' Duties**

(1) You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you have seen and heard in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2) Your second duty is to take the law that I give you, apply it to the facts, and decide what claims, if any, plaintiffs have proved by a preponderance of the evidence. It is my task to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3) The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls.

(4) You must perform these duties fairly, not letting any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision.

**All Persons Equal Before the Law—Organizations**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial at your hands as a private individual.

**Evidence Defined**

(1) You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything that you may have seen or heard outside of court influence your decision in any way.

(2) The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that were admitted into evidence; any depositions that were read into evidence or that you watched on the video screen; and any stipulations that the lawyers agreed to.

(3) Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence.

(4) So, during the trial, if I sustained an objection and did not let you hear the answers to some of the questions that the lawyers asked; or if I ruled that you could not see some of the exhibits offered by the lawyers; or if I struck something from the record and ordered you to disregard it; then you must completely ignore all of these things in your deliberations. You can consider evidence admitted for a limited purpose only in your consideration of the limited purpose for which it was admitted. Do not speculate about what a witness might have said or what an exhibit might have shown. Rely only on the actual evidence admitted in the case.

(5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

## Consideration of Evidence

(1) You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

(2) Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

**Agency Principles**

(1) An agent is a person who acts for another person or a corporation, called the principal, in the performance of some agreed service.

(2) A principal is responsible for the statements and conduct of an agent made within the scope of the agent's authority.

(3) An agent is acting within the scope of the agent's authority when speaking or acting on matters expressly or impliedly assigned to the agent by the principal.

(4) A principal cannot be held responsible for statements or acts made by an agent when speaking or acting on matters not expressly or impliedly assigned to the agent. However, a principal is responsible for even an agent's unauthorized acts if the principal accepts the benefits of the unauthorized acts with knowledge of the material facts, or failed to object to or repudiate an act after notice that others will likely draw inferences from the silence.

(5) An agent or a principal can be either a natural person or a corporation.

**Consideration of Evidence—Corporate**

(1) A corporation may act only through natural persons, such as its agents or employees.

(2) In general, any agent or employee of a corporation may bind the corporation by acts and declarations made while acting within the scope of the authority delegated by the corporation, or within the scope of the duties as an employee of the corporation.

(3) A principal cannot be held responsible for statements or acts made by an agent when speaking or acting on matters not expressly or impliedly assigned to the agent. However, a principal is responsible for even an agent's unauthorized acts if the principal accepts the benefits of the unauthorized acts with knowledge of the material facts, or failed to object to or repudiate an act after notice that others will likely draw inferences from the silence.

## Direct and Circumstantial Evidence

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness, which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## Credibility of Witnesses

(1) Another part of your responsibility as jurors is to decide how believable each witness was. It is for you alone to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some factors for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the plaintiffs or the defendant, or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying, that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time, that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important or about some unimportant detail. Ask yourself if it seemed like an innocent mistake or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe and how much weight you think it deserves.

**Number of Witnesses**

(1) The number of witnesses who testified makes no difference.

(2) Do not make any decision based only on the number of witnesses who testified or the quantity of evidence presented. What is more important is how believable the witnesses were, how much weight you think their testimony deserves; and which evidence appeals to your minds as being most accurate and otherwise trustworthy. Concentrate on that, not the numbers.

**All Available Evidence Need Not Be Produced**

No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**Single Witness**

The testimony of a single witness that produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

## Not Required to Accept Uncontradicted Testimony

You are not required to accept testimony, even if the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

**Lawyers' Objections**

(1) The lawyers on both sides objected to some of the things that were said or done during the trial. They have a duty to object whenever they think that something is not permitted by the rules of evidence. Therefore, you should not concern yourselves with these objections.

(2) Please do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on any opinion about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

(3) Both the objections of the lawyers and my rulings on them are designed to ensure that the parties receive a fair trial under the law. They should not influence your decision.

## Introduction

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case. In a moment, I will explain the elements of the plaintiffs' claims against the defendant.

(2) But before I do that, I want to emphasize that this trial is only on the particular claims alleged in the plaintiffs' complaint filed in this case. Your job is limited to deciding whether the plaintiffs have proved those claims.

**Burden of Proof**

(1) In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim or defense depends upon that fact. The party who has the burden of proving a fact must prove it by the applicable burden of proof, which I will define for you.

(2) On most of the issues in this case, the applicable burden of proof is a "preponderance of the evidence." To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence that, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought to be proved is more likely true than not true. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

(3) On a few specific issues, the burden of proof is "clear and convincing evidence." "Clear and convincing evidence" is evidence that produces in your mind a firm belief or conviction as to the matter at issue. Clear and convincing evidence involves a greater degree of persuasion than is necessary to meet the preponderance of the evidence standard.

(4) Neither of these burdens of proof require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case. Furthermore,

neither of these burdens require proof beyond a reasonable doubt. Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this.

(5) If the party bearing the burden of proof on a particular issue fails to prove the issue by the applicable burden of proof, then you must find against that party on that particular issue.

## Defamation Claim

(1) Plaintiffs seek to recover damages from the defendant based upon a claim for defamation under Michigan law. Plaintiffs have the burden of proving the essential elements of their claims by a preponderance of the evidence. The essential elements of this claim are:

First, the defendant made a false and defamatory statement concerning plaintiffs;

Second, the defendant communicated the false and defamatory statement to a third party without privilege to do so;

Third, the defendant was negligent in publishing the false and defamatory statement; and

Fourth, plaintiffs suffered special harm caused by the publication of the false and defamatory statement.

(2) Now let me give you more detailed instructions about these terms.

(a) A "defamatory" statement is one that lowers the reputation of the plaintiff in the community or deters others from associating or dealing with the plaintiff. A defamatory statement must be viewed in context. In assessing whether language is defamatory, the surrounding circumstances must be considered.

(b) A "false" statement includes one that is literally untrue. It also includes a literally true statement that implies false facts about a plaintiff. This type of defamation is called defamation by implication. Defamation by implication occurs

when the implication of the statement, taken as a whole, was false, even if the statement is literally true.

(c) A defendant is "negligent" if it fails to exercise the care that a reasonably careful person would use under the same or similar circumstances.

(d) By "special harm" I simply mean damages of a tangible economic loss proximately caused by the defamatory statement or statements.

(3) Now a word about "privilege." Even if a statement is false and defamatory as I have defined those terms for you, it is not actionable if the defendant had a "privilege" to make the statement.

(a) Defendant had a qualified privilege to comment to its newsroom employees on matters of shared interest, including on the topic of plaintiffs' memo. Without more, any such statements cannot establish plaintiffs' defamation claims.

(b) The privilege does not apply, however, if the defendant made the statement(s) at issue with "actual malice." This is a term of art that does not require actual ill will or animus. Rather, the law defines the term to mean statement(s) made with knowledge of falsity or with reckless disregard for the truth. "Reckless disregard for the truth," in turn, means that the defendant must have made the statement(s) with a high degree of awareness of their probable falsity, or must have entertained serious doubts as to the truth of the statement(s).

(c) Plaintiffs have the burden of proof of establishing "actual malice" as I have defined the term for you by a preponderance of the evidence.

**False Light Invasion of Privacy Claim**

(1) Plaintiffs also bring a claim for false light invasion of privacy. An invasion of privacy claim is based on a wrongful intrusion into an individual's private activities. The right of privacy is the right of an individual to be left alone, to be free from unwarranted publicity, and to live without unwarranted interference by the public into matters with which the public is not necessarily concerned.

(2) A claim for false light invasion of privacy requires plaintiffs to prove by a preponderance of the evidence the following elements:

First, the defendant made a disclosure about plaintiffs to the general public or to a large number of people;

Second, the information disclosed was unreasonable and highly objectionable to a reasonable person, meaning it attributed to plaintiffs characteristics, conduct, or beliefs that were false and placed plaintiffs in a false light;

Third, the defendant had knowledge of or acted in reckless disregard of the falsity of the publicized information and the false light in which plaintiffs would be placed. "Reckless disregard" means that the defendant must have made the statement with a high degree of awareness of its probable falsity, or must have entertained serious doubts as to the truth of the statement.

**Michigan Employee Right to Know Act Claim**

(1) Plaintiffs claim that the defendant violated their rights under the Michigan Employee Right to Know Act, or ERKA. An employee may recover under ERKA if the employee shows that the employer has divulged a disciplinary report, letter of reprimand, or other disciplinary action to a third party without first providing the employee with written notice that such information is being shared.

(2) Plaintiffs have the burden of proving the essential elements of their ERKA claim by a preponderance of the evidence. The elements of this claim are as follows:

First, the defendant employs or formerly employed plaintiffs;

Second, the defendant divulged a disciplinary action about plaintiffs to a third party;

Third, the third party did not know of the disciplinary action before the defendant divulged the disciplinary action;

Fourth, the defendant did not provide written notice to plaintiffs that the information would be divulged.

(3) In assessing whether the defendant divulged a disciplinary action without advance written notice to plaintiffs, you may consider not only information about the original disciplinary action but also any subsequent information about the disciplinary action that the defendant divulged before giving plaintiffs advance written notice of the subsequent information.

(4) If you find by a preponderance of evidence that the defendant violated

ERKA, you will also be asked whether you find that the violation was willful and knowing. "Willful and knowing" means that the defendant acted with design and purpose to make the disclosure without prior notice to plaintiffs, and not by accident or mistake.

**Consider Damages Only if Necessary**

(1) If plaintiffs have proven a claim against the defendant by a preponderance of the evidence, you must determine the damages to which either or both plaintiffs are entitled. You should not interpret the fact that I am giving instructions about the plaintiffs' damages as an indication in any way that I believe that one or both plaintiffs should, or should not, win this case. It is your task first to decide whether defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that one or both plaintiffs are entitled to recover money from defendant.

(2) Damages must be reasonable. If you should find that one or both plaintiffs are entitled to a verdict, you may award only such damages as will reasonably compensate one or both plaintiffs for such injury and damage as you find by the applicable burden of proof was sustained as a proximate result of the defendant's acts or omissions. An injury or damage is a proximate result of or is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

(3) You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although

possible, is not reasonably certain to occur in the future, or for any other loss that plaintiff has failed to establish by the applicable burden of proof.

## Defamation Damages

**(A) Economic Damages.**

If you find that one or both plaintiffs are entitled to damages for their defamation claims, then you should award the prevailing plaintiff or plaintiffs any economic damages that they have proven. By economic damages, I mean any tangible economic loss suffered by a plaintiff as a proximate result of the defendant's statements, such as lost wages, benefits, income, profits, or attorney fees incurred by one or both plaintiffs as a result of the defendant's statements. The economic damages should not include any award for injury to feelings. If you find defendant liable but find no economic damages, you shall award $1 of nominal damages.

**(B) Exemplary Damages**.

(1) If you find that plaintiffs proved one or both defamation claims, you may then consider an award of exemplary damages to compensate plaintiffs for any incremental or increased injury to plaintiffs' feelings that you find were caused by defendant's bad faith or ill will.

(2) In order to recover exemplary damages, plaintiffs have the burden of proving the following elements by clear and convincing evidence:

First, that defendant published the statements complained of with bad faith or ill will;

Second, that before starting this lawsuit, plaintiffs gave notice to defendant to publish a retraction and allowed defendant a reasonable time to do so;

Third, that plaintiffs incurred some incremental or increased injury to feelings attributable to his or her sense of indignation and outrage; and

Fourth, that any such incremental or increased injury to feelings was caused by defendant's bad faith or ill will.

(3) You may consider the publication, lack of publication, adequacy or inadequacy of a retraction or correction as bearing on whether defendant acted in good or bad faith.

(4) If you find that plaintiffs have proven all of these elements, you must determine the amount of money that reasonably, fairly, and adequately compensates him and her for such incremental or increased injury to feelings.

**Damages for False Light Invasion of Privacy**

(1) If you find that the plaintiffs have demonstrated the elements of their false light claims, you should determine the amount of compensatory damages, if any, for each plaintiff. A plaintiff who is publicly placed in a false light may recover damages for the harm to his or her reputation from the position in which he or she is placed.

(2) Each plaintiff may also recover damages for emotional distress or personal humiliation that he or she proves to have been actually suffered by him or her, if it is of a kind that normally results from such an invasion and it is normal and reasonable in its extent. The proof of actual harm need not be of pecuniary loss and may be simply a plaintiff's testimony.

(3) You may also award exemplary damages if you find that the defendant's conduct warrants such an award and that the defendant acted with bad faith or ill will in publicly placing plaintiffs in a false light. As I previously explained, "exemplary damages" are meant to compensate for any incremental injury to a plaintiff's feelings that were caused by defendant's bad faith or ill will.

(4) The plaintiffs bear the burden of proof by a preponderance of the evidence for each potential category of damages on this claim.

**<u>Damages for Violation of the Employee Right to Know Act</u>**

(1) If you find that the plaintiffs have demonstrated that the defendant violated the Employee Right to Know Act, you should determine the amount of actual damages for each plaintiff. These include both the tangible economic loss and the intangible injury to feelings that you find by a preponderance of the evidence were proximately caused by the ERKA violation.

(2) In assessing whether you find any ERKA damages, your focus must be on the damages, if any, proximately caused by the defendant's failure to give the required prior written notice to plaintiff, not on the propriety of the discipline itself, and not on the impact of the disclosure itself.

**No Double Recovery of Damages**

(1) As I have just noted, damages for a violation of ERKA focus on the impact, if any, of a defendant's failure to give advanced written notice of disciplinary action disclosure, not on the impact of the discipline itself or the disclosure of that discipline itself. Therefore any damages you award for an ERKA violation are distinct from any damages you award on the defamation and false light claims.

(2) In contrast, the damages for defamation claims and false light claims may overlap significantly, or even entirely. A plaintiff is legally entitled to only a single recovery for any damages tied to a particular statement that defames or puts plaintiff in a false light.

(3) If you find that any plaintiff has established a claim for both defamation and false light invasion of privacy, and if you find damages proximately caused by both violations, you will be asked to specify how much, if any, of the damage awards are for the same statement or statements.

## Duty to Mitigate Damages

(1) Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages—that is, to take advantage of any reasonable opportunity the person may have had under the circumstances, or will have, to reduce or minimize the loss or damage.

(2) If one or both plaintiffs failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all of the circumstances shown by the evidence, then you should reduce the amount of that plaintiff's damages by the amount that the plaintiff could have reasonably realized or will reasonably realize if the plaintiff takes advantage of such opportunities.

(3) On this issue of whether a plaintiff failed to mitigate damages as required by law, the defendant bears the burden of proof by a preponderance of the evidence.

## Introduction

That concludes the part of my instructions explaining the elements of the claim made by plaintiffs and how to calculate damages if you find that damages should be awarded. Next, I will explain some rules that you must use in considering some of the testimony and evidence.

## Stipulations of Fact

The parties have agreed to certain facts that will be given to you. You should therefore treat these facts as having been proved.

**Testimony Of Expert Witness**

(1) During the trial you heard the testimony of individuals who were described as expert witnesses. These witnesses were permitted to testify even though they did not actually witness any of the events involved in this trial.

(2) A person's training and experience may make that witness a true expert in a technical field. The law allows that person to state an opinion here about matters in that particular field. Merely because a witness has expressed an opinion does not mean, however, that you must accept this opinion. The same as with any other witness, it is up to you to decide whether you believe their testimony and choose to rely upon it. Part of that decision will depend on your judgment about whether the witness's background of training and experience is sufficient for the witness to give the expert opinion that you heard. You must also decide whether the witness's opinions were based on sound reasons, judgment, and information.

**Compensation Of Expert Witness**

(1) During the trial, witnesses who gave opinions may have been asked if they had been or would be compensated for their services.

(2) It is not improper for a witness who gave an opinion to be compensated for services. It is a customary and accepted procedure. No possible suggestion of impropriety results from the compensation for the services of such a witness, including compensation for giving testimony at trial.

**Impeachment: Prior Inconsistent Statement or Conduct**

(1) A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

(2) If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

(3) If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

(4) An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

## **Summaries Not Admitted in Evidence**

You have seen some charts and summaries that were not received in evidence that may help explain the evidence. Their only purpose is to help explain the evidence. These charts and the timelines put on the board are not themselves evidence or proof of any facts.

**Witness Who Has Been Interviewed by an Attorney**

It has been brought out that an attorney has talked with witnesses. There is nothing wrong with an attorney talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.

## Introduction

(1) That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me conclude by discussing your deliberations in the jury room and your possible verdicts.

(2) The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

(3) Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other, about the case. If you have any questions or messages, you must write them down on a piece of paper, have your foreperson sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the parties about what you have asked, so it might take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

(4) I will give you the paper and electronic exhibits admitted into evidence to review in your jury room. If you want to see any of the other exhibits that were admitted in evidence, you may send me a message, and I will arrange for you to see them.

(5) One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6–6, or 8–4, or whatever your vote happens to be. That should stay secret until you are finished.

**Research and Investigation**

(1) Remember that you must make your decision based only on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own while you are deliberating.

(2) For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading, or investigation about the case; and do not visit any of the places that were mentioned during the trial.

(3) That personal visit is probably unlikely in any event, but what's not unlikely in today's day and age is that one or more of you is here with a web browser on your phone, and if you're like a lot of people, your natural inclination is to find out about the world with that web browser. It's a natural thing, and it's the way we ordinarily deal with our life in today's world, but it's not the way you may function as jurors. And I want to emphasize that. When you go back to that deliberation, you have to rely only on the evidence you heard here in court, only on the admitted exhibits, and you can't go out and research even on those tools that all of us have learned to use in our daily life.

(4) Make your decision based only on the evidence that you saw and heard here in court.

**Duty to Deliberate**

(1) Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2) But do not ever change your mind just because other jurors see things differently or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3) No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say, so you should all feel free to speak your mind.

(4) Listen carefully to what the other jurors have to say and then decide for yourself whether plaintiffs' claims were proved by a preponderance of the evidence.

**Juror Notes**

(1) Remember that if you took notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Your notes are, of course, not evidence.

(2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

## **Verdict Form Instruction**

(1) I have prepared verdict forms that you should use to record your verdicts. The forms read as follows:

[*Verdict Form Provided at End of Document*]

(2) A verdict form is simply the written notice of your decision. Whatever decision you reach in this case must be the unanimous decision of all of you. When all of you agree upon a verdict, it will be received as your verdict.

(3) When you answer the questions on the verdict form regarding one of the plaintiffs, you should then answer the questions for the other plaintiff.

(4) After you have completed both verdict forms, your foreperson should give a written note to the bailiff. That person will deliver that note to me, you will be called into the courtroom, and your foreperson will deliver the verdicts to me in the courtroom. The parties will then be informed of your verdicts.

**Court Has No Opinion**

Let me conclude by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision on the facts in any way. You decide for yourselves whether one or both plaintiffs' claims were proven by a preponderance of the evidence.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANTON TANG,

Plaintiff,

v.

Case No. 1:24-cv-616

HON. ROBERT J. JONKER

NEXSTAR MEDIA GROUP, INC.,

Defendant.

______________________________/

AMY FOX,

Plaintiff,

v.

Case No. 1:24-cv-614

HON. ROBERT J. JONKER

NEXSTAR MEDIA GROUP, INC.,

Defendant.

______________________________/

## VERDICT FORM FOR PLAINTIFF AMY FOX

We, the jury, answer the questions submitted as follows:

### A. Defamation

1. Do you, the members of the jury, **unanimously find by a preponderance of the evidence** and the instructions of the Court that Plaintiff Amy Fox has proven her defamation claim against Defendant Nexstar Media Group, Inc.?

❑ Yes ❑ No

If the answer is "no," please go to Section B.

If the answer is "yes," please proceed to Questions 2 and 3.

2. What amount of economic damages do you award Plaintiff Amy Fox under the instructions of the Court?

$______________

3. What amount of exemplary damages do you award Plaintiff Amy Fox under the instructions of the Court?

$______________

Please proceed to Section B.

**B. False Light Invasion of Privacy**

4. Do you, the members of the jury, **unanimously find by a preponderance of the evidence** and the instructions of the Court that Plaintiff Amy Fox has proven her false light invasion of privacy claim against Defendant Nexstar Media Group, Inc.?

❑ Yes ❑ No

If the answer is "no," please go to Section C.

If the answer is "yes," please proceed to Questions 5, 6, 7, and 8.

5. What amount of compensatory damages do you award Plaintiff Amy Fox under the instructions of the Court?

$______________

6. If you also found plaintiff entitled to damages under question A(2), how much, if any, of the damages in B(5) are for the same statement or statements on which you found liability in question A(1)?

$______________

7. What amount of exemplary damages do you award Plaintiff Amy Fox under the instructions of the Court?

$______________

8. If you also found plaintiff entitled to damages under question A(3), how much, if any, of the damages in B(7) are for the same statement or statements on which you found liability in question A(1)?

$______________

Please proceed to Section C.

**C. Michigan Employee Right to Know Act**

9. Do you, the members of the jury, **unanimously find by a preponderance of the evidence** and the instructions of the Court that Plaintiff Amy Fox has proven her Michigan Employee Right to Know Act claim against Defendant Nexstar Media Group, Inc.?

❑ Yes ❑ No

If the answer is "no," please sign and date the form.

If the answer is "yes," do you find the violation was "willful and knowing?"

❑ Yes ❑ No

Please proceed to Question 10.

10. What amount of actual damages do you award Plaintiff Amy Fox under the instructions of the Court for the ERKA violation?

$______________

Signed,

______________________________ ______________________________

Foreperson Date

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANTON TANG,

Plaintiff,

v. Case No. 1:24-cv-616

HON. ROBERT J. JONKER

NEXSTAR MEDIA GROUP, INC.,

Defendant.

_________________________________/

AMY FOX,

Plaintiff,

v. Case No. 1:24-cv-614

HON. ROBERT J. JONKER

NEXSTAR MEDIA GROUP, INC.,

Defendant.

_________________________________/

**VERDICT FORM FOR PLAINTIFF STANTON TANG**

We, the jury, answer the questions submitted as follows:

**A. Defamation**

1. Do you, the members of the jury, **unanimously find by a preponderance of the evidence** and the instructions of the Court that Plaintiff Stanton Tang has proven his defamation claim against Defendant Nexstar Media Group, Inc.?

❑ Yes ❑ No

If the answer is "no," please go to Section B.

If the answer is "yes," please proceed to Questions 2 and 3.

2. What amount of economic damages do you award Plaintiff Stanton Tang under the instructions of the Court?

$______________

3. What amount of exemplary damages do you award Plaintiff Stanton Tang under the instructions of the Court?

$______________

Please proceed to Section B.

**B. False Light Invasion of Privacy**

4. Do you, the members of the jury, **unanimously find by a preponderance of the evidence** and the instructions of the Court that Plaintiff Stanton Tang has proven his false light invasion of privacy claim against Defendant Nexstar Media Group, Inc.?

❑ Yes ❑ No

If the answer is "no," please go to Section C.

If the answer is "yes," please proceed to Questions 5, 6, 7, and 8.

5. What amount of compensatory damages do you award Plaintiff Stanton Tang under the instructions of the Court?

$______________

6. If you also found plaintiff entitled to damages under question A(2), how much, if any, of the damages in B(5) are for the same statement or statements on which you found liability in question A(1)?

$______________

7. What amount of exemplary damages do you award Plaintiff Stanton Tang under the instructions of the Court?

$______________

8. If you also found plaintiff entitled to damages under question A(3), how much, if any, of the damages in B(7) are for the same statement or statements on which you found liability in question A(1)?

$_______________

Please proceed to Section C.

**C. Michigan Employee Right to Know Act**

9. Do you, the members of the jury, **unanimously find by a preponderance of the evidence** and the instructions of the Court that Plaintiff Stanton Tang has proven his Michigan Employee Right to Know Act claim against Defendant Nexstar Media Group, Inc.?

❑ Yes ❑ No

If the answer is "no," please sign and date the form.

If the answer is "yes," do you find the violation was "willful and knowing?"

❑ Yes ❑ No

Please proceed to Question 10.

10. What amount of actual damages do you award Plaintiff Stanton Tang under the instructions of the Court for the ERKA violation?

$_______________

Signed,

_______________________________ _______________________________
Foreperson Date